FILED
JAN 15 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDAPATI REDDY ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v.  ) | 08CV321 |
| UBS AG ) | JUDGE HOLDERMAN |
| ) | MAGISTRATE JUDGE COX |
| Defendant ) | |

### COMPLAINT

Plaintiff MEDAPATI REDDY, pro se files his complaint against Defendant UBS AG and states as follows:

### COUNT I
### RETALIATION UNDER TITLE VII

#### Nature of Action

1. This is an action for damages and relief for terminating Plaintiff's employment in retaliation for complaining about sexual harassment. This action, arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et.seq.

#### Jurisdiction and Venue

2. This court has jurisdiction pursuant to Title VII at 42 U.S.C §§ 1331 and 1343.

3. Venue properly lies within the Northern District of Illinois, in that the acts Complained of occurred here, pursuant to 28 U.S.C §§ 1391.

#### The Parties

4. Plaintiff Medapati Reddy is a resident of Cook County, in the state of Illinois.

5. UBS AG is a global financial company doing business in this district, with about 20000 employees in U.S.

## Statement of Facts

6. Plaintiff was employed by UBS AG ("the Company") as Software Configuration Administrator in its Chicago branch from March 21, 2005 till the date of his termination on November 13, 2007 (Last Day on Premises), with effective termination on November 27, 2007 (Last Day on Payroll).

7. During the entire period that Plaintiff was employed with the Defendant, Seth Gransky was Plaintiff's Manager. Seth Gransky's title was Software Configuration Administrator.

8. During the entire period that Plaintiff was employed with the Defendant, Jeffery Sargent was Plaintiff's next level Manager. Jeffery Sargent's title was Executive Director.

9. During the entire period that Plaintiff was employed with the Defendant, Sarah Leichtman was Plaintiff's Human Resources Client Relationship Manager. Sarah Leichtman's title was Associate Director.

10. During the entire period that Plaintiff was employed with the Defendant, Kalyana Krishnan was a co-worker of Plaintiff. Kalyana Krishnan was a Consultant.

11. During his employment with Defendant, Plaintiff always performed his assigned job duties at an acceptable level consistent with Defendant's standards.

12. When Plaintiff joined the Company on March 21, 2005, he received a Employee Handbook that contains Defendant's Anti-Harassment Policy and Sexual Harassment Policy.

Anti-Harassment Policy provides as below:

> Complaints of harassment of any kind should be reported to those individuals identified in UBS Group's Sexual Harassment Policy and will be investigated according to the procedures outlined in that policy.

Sexual Harassment Policy provides as below:

> In the event that you have a complaint concerning harassment, wish to report an incident, or learn that conduct of the nature prohibited by UBS Group's anti-harassment policies may be occurring, you must immediately report the matter to your immediate supervisor or next level manager or to your Human Resources Relationship Manager.

It further states that:

> Complaints of harassment will be investigated promptly, appropriately and as discreetly as possible.
>
> UBS Group prohibits any form of retaliation against any employee for filing a good faith complaint under this policy or for assisting in a complaint investigation.

13. On January 25, 2006, Plaintiff attended a Workplace Sexual Harassment, Discrimination and Retaliation Prevention Training conducted by the Defendant. In the training, Plaintiff received a multi-color booklet, with underlines in red of selected text, that contains Defendant's written policies on Sexual Harassment, Anti-Harassment among other Human Resource Policies.

Sexual Harassment Policy provides as below:

> In the event that you have a complaint concerning harassment, wish to report an incident, or learn that conduct of the nature prohibited by UBS Group's anti-harassment policies may be occurring, you must immediately report the matter to your immediate supervisor or next level manager or to your Human Resources (HR) Client Relationship Manager (CRM).

14. Plaintiff's Manager Seth Gransky gave a competency rating of "C- Meets Profile/ Effective" to Plaintiff in the Year End Evaluation for the year 2005.

15. Plaintiff's Manager Seth Gransky gave a competency rating of "C- Meets Profile/ Effective" to Plaintiff in the Year End Evaluation for the year 2006.

16. On August 30, 2007, Plaintiff made a complaint to his Manager Seth Gransky about harassment based on sex by Kalyana Krishnan. Seth Gransky assured Plaintiff that he will take action on the Complaint.

17. On August 31, 2007, Plaintiff informed Jeffery Sargent about harassment by Krishnan and his complaint to Seth Gransky. Jeffery Sargent told Plaintiff that he will talk with Seth Gransky.

18. On September 17, 2007, Seth Gransky told Plaintiff that he spoke with Jeffery Sargent about his complaint and once again assured Plaintiff that they will take action on Plaintiff's complaint.

19. Plaintiff took vacation days and bereavement leave from September 26, 2007 to October 9, 2007 (14 days) and personal leave from October 10, 2007 to November 4, 2007 (26 days), as his mother-in-law was ill and then later died in India.

20. As per the Company's Personal Leave Policy, Plaintiff is eligible for a maximum of 15 weeks of Personal leave.

21. Plaintiff returned to work on November 5, 2007.

22. On November 5, 2007, Seth Gransky told Plaintiff that he spoke with Human Resources Client Relationship Manager Sarah Leichtman about his complaint, while Plaintiff was on leave, and asked Plaintiff to meet Sarah Leichtman.

23. On November 5, 2007, Plaintiff met Sarah Leichtman in her office. Sarah Leichtman told Plaintiff that his Managers informed her about his complaint. Then she assured Plaintiff that she will take required action as per Company's Policies and will get back to him in a few days.

24. On November 13, 2007, Jeffery Sargent, called Plaintiff over phone and asked him to come to the Human Resource Department Conference Room.

25. When Plaintiff went to the Conference Room, Jeffery Sargent and Sarah Leichtman were there in the Conference Room. Jeffery Sargent told Plaintiff that the Company is undergoing Business Restructuring and his position is eliminated as his performance is below expectations. Sarah Leichtman handed over Plaintiff the Defendant's Separation and Release agreement.

26. Defendant knowingly, willfully and exhibiting reckless indifference, terminated Plaintiff's employment for complaining about sexual harassment in violation of Title VII.

27. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered loss of job, lost wages, lost benefits, loss of status and loss of enjoyment of his employment and of life.

28. On December 18, 2007, Plaintiff filed a timely and proper charge with the EEOC alleging violations of Title VII and ADEA. See attached Exhibit A

29. On January 3, 2008, Plaintiff received a Notice of Right to Sue from the EEOC and within 90 days of his receipt, filed the instant complaint. See attached Exhibit B.

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief.

    A. That the court enter judgment in Plaintiff's favor and against Defendant and order the Defendant to reinstate Plaintiff to his prior or comparable position.

    B. That the court order Defendant to pay Plaintiff actual and compensatory damages.

    C. That the court order Defendant to pay Plaintiff punitive damages.

    D. That the court order Defendant to pay Plaintiff prejudgment interest on damages that accrued prior to the date of judgment at a rate in accordance with 215 ILCS 5/357.9.

    E. That the court award Plaintiff costs of maintaing this action including attorney fees if applicable.

    F. That the court award Plaintiff such other relief as this court deems equitable and just.

## COUNT II
## RETALIATION UNDER ADEA

### Nature of Action

30. This is an action for damages and relief for terminating Plaintiff's employment in retaliation for complaining about age discrimination. This action, arises under Age Discrimination in Employment Act of 1967, 29 U.S.C §623 et.seq.

## Jurisdiction and Venue

31. This court has jurisdiction pursuant to ADEA and 28 U.S.C §§ 1331 and 1343.

32. Venue properly lies within the Northern District of Illinois in that acts complained of occurred here, pursuant to 28 U.S.C §§ 1391.

## The Parties

33. Plaintiff Medapati Reddy is a resident of Cook County, in the state of Illinois.

34. Plaintiff is now 44 years old.

35. UBS AG is a global financial company doing business in this district, with about 20000 employees in U.S.

## Statement of Facts

36. As Paragraph 36, Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 6 to 15 above.

37. On August 30, 2007, Plaintiff made a complaint to his Manager Seth Gransky about harassment based on age by Kalyana Krishnan.

38. As Paragraph 38, Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 17 to 25 above.

39. Defendant knowingly, willfully and exhibiting reckless indifference, terminated Plaintiff's employment for complaining about Age harassment in violation of ADEA.

40. As Paragraph 40, Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 27 to 29 above.

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief.

A. That the court enter judgment in Plaintiff's favor and against Defendant and order the Defendant to reinstate Plaintiff to his prior or comparable position.

B. That the court order Defendant to pay Plaintiff actual and compensatory damages.

C. That the court order Defendant to pay Plaintiff prejudgment interest on damages that accrued prior to the date of judgment at a rate in accordance with 215 ILCS 5/357.9.

D. That the court award Plaintiff costs of maintaing this action including attorney fees if applicable.

E. That the court award Plaintiff such other relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Pliantiff request a jury trial on all questions of fact raised by the complaint.

Respectfully Submitted

(MEDAPATI REDDY)

Medapati Reddy
8439 W. Catherine Ave, Apt. 417
Chicago, IL 60656
Ph. No. 773-695-9072

Dated: January, 15 2008

EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2008-01367 |
|---|---|---|

Illinois Department Of Human Rights                     and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Medapati S. Reddy | (773) 695-9072 | 08-10-1963 |

Street Address: 8439 W Catherine #417, Chicago, IL 60656

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UBS AG | 500 or More | (312) 525-5264 |

Street Address: 1 North Wacker Drive, Chicago, IL 60606

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-13-2007   Latest: 11-13-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on March 21, 2005 as a Software Configuration Administrator. On August 30, 2007, I complained to Respondent about discrimination. On November 13, 2007, I was terminated.

I believe that I have been retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967.

DEC 2007
CHICAGO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

Dec 13, 2007

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Medapati S. Reddy<br>8439 W Catherine #417<br>Chicago, IL 60656 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0014 4054 1849

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01367 | Cristina Wodka, Investigator | (312) 353-1401 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    12-31-07
John P. Rowe,                          (Date Mailed)
District Director

Enclosures(s)

CC:   UBS AG