IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDAPATI REDDY,            )<br>                                            )<br>            Plaintiff,            )<br>                                            )<br>     v.                                   )<br>                                            )<br>UBS AG,                             )<br>                                            )<br>            Defendant.        ) | Civil Action No. 08 CV 321<br><br>Judge Holderman<br>Magistrate Judge Cox |

## UBS AG's ANSWER TO COMPLAINT

UBS AG ("Defendant"), by its attorneys, answers Plaintiff Medapati Reddy's ("Plaintiff") Complaint as follows:

## COUNT I
## RETALIATION UNDER TITLE VII

### Nature of Action

**Complaint No. 1**

This is an action for damages and relief for terminating Plaintiff's employment in retaliation for complaining about sexual harassment. This action, arises wider Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**Answer No. 1**

Defendant admits that Plaintiff brings Count I of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., but denies that it is liable under any of Plaintiff's legal theories and further denies that Plaintiff is entitled to recover any damages. Defendant otherwise denies the remaining allegations in paragraph 1 of the Complaint.

### Jurisdiction and Venue

**Complaint No. 2**

This court has jurisdiction pursuant to Title VII at 42 U.S.C. §§ 1331 and 1343.

**Answer No. 2**

Defendant admits that this Court has jurisdiction over Count I of this action pursuant to 28 U.S.C. § 1331. Defendant otherwise denies the remaining allegations in paragraph 2 of the Complaint.

**Complaint No. 3**

Venue properly lies within the Northern District of Illinois, in that the acts Complained of occurred here, pursuant to 28 U.S.C. §§ 1391.

**Answer No. 3**

Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391, but denies that any events occurred giving rise to a claim.

## The Parties

**Complaint No. 4**

Plaintiff Medapati Reddy is a resident of Cook County, in the state of Illinois.

**Answer No. 4**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies them.

**Complaint No. 5**

UBS AG is a global financial company doing business in this district, with about 20,000 employees in U.S.

**Answer No. 5**

Defendant admits that it is a global financial company doing business in this district but denies the remaining allegations in paragraph 5 of the Complaint.

## Statement of Facts

**Complaint No. 6**

Plaintiff was employed by UBS AG ("the Company") as Software Configuration Administrator in its Chicago branch from March 21, 2005 till [sic] the date of his termination on November 13, 2007 (Last Day on Premises), with effective termination on November 27, 2007 (Last Day on Payroll).

**Answer No. 6**

Defendant admits the allegations in paragraph 6 of the Complaint.

**Complaint No. 7**

During the entire period that Plaintiff was employed with the Defendant, Seth Gransky was Plaintiff's Manager. Seth Gransky's title was Software Configuration Administrator.

**Answer No. 7**

Defendant admits the first sentence of paragraph 7 but otherwise denies the remaining allegations in paragraph 7 of the Complaint.

**Complaint No. 8**

During the entire period that Plaintiff was employed with the Defendant, Jeffery [sic] Sargent was Plaintiff's next level Manager. Jeffery [sic] Sargent's title was Executive Director.

**Answer No. 8**

Defendant admits the allegations in paragraph 8 of the Complaint.

**Complaint No. 9**

During the entire period that Plaintiff was employed with the Defendant, Sarah Leichtman was Plaintiff's Human Resources Client Relationship Manager. Sarah Leichtman's title was Associate Director.

**Answer No. 9**

Defendant admits that Sarah Leichtman was a Client Relationship Manager who supported Plaintiff's department and that Ms. Leichtman's title is Associate Director. Defendant otherwise denies the remaining allegations in paragraph 9 of the Complaint.

**Complaint No. 10**

During the entire period that Plaintiff was employed with the Defendant, Kalyana Krishnan was a co-worker of Plaintiff. Kalyana Krishnan was a Consultant.

**Answer No. 10**

Defendant admits that during Plaintiff's employment, Kalyana Krishnan was employed by a consulting firm UBS engaged to perform services in its Chicago office. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

**Complaint No. 11**

During his employment with Defendant, Plaintiff always performed his assigned job duties at an acceptable level consistent with Defendant's standards.

**Answer No. 11**

Defendant denies the allegations in paragraph 11 of the Complaint.

**Complaint No. 12**

When Plaintiff joined the Company on March 21, 2005, he received a [sic] Employee Handbook that contains Defendant's Anti-Harassment Policy and Sexual Harassment Policy.

Anti-Harassment Policy provides as below:

> Complaints of harassment of any kind should be reported to those individuals identified in UBS Group's Sexual Harassment Policy and will be investigated according to the procedures outlined in that policy.

Sexual Harassment Policy provides as below:

> In the event that you have a complaint concerning harassment, wish to report an incident, or learn that conduct of the nature prohibited by UBS Group's anti-harassment policies may be occurring, you must immediately report the matter to your immediate supervisor or next level manager or to your Human Resources Relationship Manager.

It further states that:

> Complaints of harassment will be investigated promptly, appropriately and as discreetly as possible.

4

> UBS Group prohibits any form of retaliation against any employee for filing a good faith complaint under this policy or for assisting in a complaint investigation.

**Answer No. 12**

Defendant admits that it gave Plaintiff a CD-ROM containing an Employee Handbook on March 21, 2005 and states that Plaintiff had online access to the Employee Handbook throughout his employment with Defendant. Defendant further admits that the Employee Handbook includes Defendant's Anti-Harassment Policy and Policy on Sexual Harassment, but denies that Plaintiff has accurately or completely quoted the policies. Defendant otherwise denies the remaining allegations in paragraph 12 of the Complaint.

**Complaint No. 13**

> On January 25, 2006, Plaintiff attended a Workplace Sexual Harassment, Discrimination and Retaliation Prevention Training conducted by the Defendant. In the training, Plaintiff received a multi-color booklet, with underlines in red of selected text, that contains Defendant's written policies on Sexual Harassment, Anti-Harassment among other Human Resource Policies.
>
> Sexual Harassment Policy provides as below:
>
>> In the event that you have a complaint concerning harassment, wish to report an incident, or learn that conduct of the nature prohibited by UBS Group's anti-harassment policies may be occurring, you must immediately report the matter to your immediate supervisor or next level manager or to your Human Resources (HR) Client Relationship Manager (CRM).

**Answer No. 13**

Defendant admits that Plaintiff attended a Workplace Sexual Harassment, Discrimination and Retaliation Prevention Training conducted by Defendant but states that he attended on January, 25, 2005. Defendant further admits that Plaintiff received handouts during the training session regarding Defendant's written Anti-Harassment and Sexual Harassment policies, including the portion Plaintiff cites in paragraph 13 of the Complaint and that selected text was underlined in red. Defendant otherwise denies the remaining allegations in paragraph 13.

5

**Complaint No. 14**

Plaintiff's Manager Seth Gransky gave a competency rating of "C-Meets Profile/Effective" to Plaintiff in the Year End Evaluation for the year 2005.

**Answer No. 14**

Defendant admits the allegations in paragraph 14 of the Complaint.

**Complaint No. 15**

Plaintiff's Manager Seth Gransky gave a competency rating of "C-Meets Profile/Effective" to Plaintiff in the Year End Evaluation for the year 2006.

**Answer No. 15**

Defendant admits the allegations in paragraph 15 of the Complaint.

**Complaint No. 16**

On August 30, 2007, Plaintiff made a complaint to his Manager Seth Gransky about harassment based on sex by Kalyana Krishnan. Seth Gransky assured Plaintiff that he will take action on the Complaint.

**Answer No. 16**

Defendant denies the allegations in paragraph 16 of the Complaint.

**Complaint No. 17**

On August 31, 2007, Plaintiff informed Jeffery [sic] Sargent about harassment by Krishnan and his complaint to Seth Gransky. Jeffery [sic] Sargent told Plaintiff that he will talk with Seth Gransky.

**Answer No. 17**

Defendant denies the allegations in paragraph 17 of the Complaint.

**Complaint No. 18**

On September 17, 2007, Seth Gransky told Plaintiff that he spoke with Jeffery [sic] Sargent about his complaint and once again assured Plaintiff that they will take action on Plaintiff's complaint.

**Answer No. 18**

Defendant denies the allegations in paragraph 18 of the Complaint.

Case 1:08-cv-00321   Document 9   Filed 02/12/2008   Page 7 of 14

**Complaint No. 19**

Plaintiff took vacation days and bereavement leave from September 26, 2007 to October 9, 2007 (14 days) and personal leave from October 10, 2007 to November 4, 2007 (26 days), as his mother-in-law was ill and then later died in India.

**Answer No. 19**

Defendant admits that Plaintiff took a combination of vacation time, bereavement leave, and unpaid personal leave from September 26, 2007 through November 4, 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them, but admits that Plaintiff advised Defendant that his time off between September 26, 2007 and November 4, 2007 was for travel to India due to the illness and death of Plaintiff's mother-in-law.

**Complaint No. 20**

As per the Company's Personal Leave Policy, Plaintiff is eligible for a maximum of 15 weeks of Personal leave.

**Answer No. 20**

Defendant denies the allegations in paragraph 20 of the Complaint but states that pursuant to Defendant's Personal Leave policy, employees may be eligible for up to 15 weeks of unpaid personal leave. Defendant otherwise denies the remaining allegations in paragraph 20 of the Complaint.

**Complaint No. 21**

Plaintiff returned to work on November 5, 2007.

**Answer No. 21**

Defendant admits the allegations in paragraph 21 of the Complaint.

7

**Complaint No. 22**

On November 5, 2007, Seth Gransky told Plaintiff that he spoke with Human Resources Client Relationship Manager Sarah Leichtman about his complaint, while Plaintiff was on leave, and asked Plaintiff to meet Sarah Leichtman.

**Answer No. 22**

Defendant admits that Seth Gransky discussed a complaint by Plaintiff with Sarah Leichtman. Defendant otherwise denies the allegations in paragraph 22 of the Complaint.

**Complaint No. 23**

On November 5, 2007, Plaintiff met Sarah Leichtman in her office. Sarah Leichtman told Plaintiff that his Managers informed her about his complaint. Then she assured Plaintiff that she will take required action as per Company's Policies and will get back to him in a few days.

**Answer No. 23**

Defendant admits the first and second sentences of paragraph 23 of the Complaint. Defendant denies the remaining allegations in paragraph 23 of the Complaint.

**Complaint No. 24**

On November 13, 2007, Jeffery [sic] Sargent, called Plaintiff over phone and asked him to come to the Human Resource Department Conference Room.

**Answer No. 24**

Defendant admits the allegations in paragraph 24 of the Complaint.

**Complaint No. 25**

When Plaintiff went to the Conference Room, Jeffery [sic] Sargent and Sarah Leichtman were there in the Conference Room. Jeffery [sic] Sargent told Plaintiff that the Company is undergoing Business Restructuring and his position is eliminated as his performance is below expectations. Sarah Leichtman handed over Plaintiff the Defendant's Separation and Release agreement.

**Answer No. 25**

Defendant admits the first sentence of paragraph 25 of the Complaint. Defendant further admits that Jeffrey Sargent and Sarah Leichtman informed Plaintiff that his position was being

eliminated. Defendant otherwise denies the remaining allegations in paragraph 25 of the Complaint.

**Complaint No. 26**

>Defendant knowingly, willfully and exhibiting reckless indifference, terminated Plaintiff's employment for complaining about sexual harassment in violation of Title VII.

**Answer No. 26**

>Defendant denies the allegations in paragraph 26 of the Complaint.

**Complaint No. 27**

>As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered loss of job, lost wages, lost benefits, loss of status and loss of enjoyment of his employment and of life.

**Answer No. 27**

>Defendant denies the allegations in paragraph 27 of the Complaint.

**Complaint No. 28**

>On December 18, 2007, Plaintiff filed a timely and proper charge with the EEOC alleging violations of Title VII and ADEA. See attached Exhibit A.

**Answer No. 28**

>Defendant admits that Plaintiff filed a timely charge with the EEOC but otherwise denies the remaining allegations in paragraph 28 of the Complaint.

**Complaint No. 29**

>On January 3, 2008, Plaintiff received a Notice of Right to Sue from the EEOC and within 90 days of his receipt, filed the instant complaint. See attached Exhibit B.

**Answer No. 29**

>Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies them.

## COUNT II
## RETALIATION UNDER ADEA

### Nature of Action

**Complaint No. 30**

This is an action for damages and relief for terminating Plaintiff's employment in retaliation for complaining about age discrimination. This action, arises under Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 et seq.

**Answer No. 30**

Defendant admits that Plaintiff brings Count II of this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., but denies that it is liable under any of Plaintiff's legal theories and further denies that Plaintiff is entitled to recover any damages. Defendant otherwise denies the remaining allegations in paragraph 30 of the Complaint.

### Jurisdiction and Venue

**Complaint No. 31**

This court has jurisdiction pursuant to ADEA and 28 U.S.C. §§ 1331 and 1343.

**Answer No. 31**

Defendant admits that this Court has jurisdiction over Count II of this action pursuant to 28 U.S.C. § 1331. Defendant otherwise denies the remaining allegations in paragraph 31 of the Complaint.

**Complaint No. 32**

Venue properly lies within the Northern District of Illinois in that acts complained of occurred here, pursuant to 28 U.S.C. §§ 1391.

**Answer No. 32**

Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391, but denies that any events occurred giving rise to a claim.

## The Parties

### Complaint No. 33

Plaintiff Medapati Reddy is a resident of Cook County, in the state of Illinois.

### Answer No. 33

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies them.

### Complaint No. 34

Plaintiff is now 44 years old.

### Answer No. 34

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies them.

### Complaint No. 35

UBS AG is a global financial company doing business in this district, with about 20,000 employees in U.S.

### Answer No. 35

Defendant admits that it is a global financial company doing business in this district but otherwise denies the remaining allegations in paragraph 35 of the Complaint.

## Statement of Facts

### Complaint No. 36

As Paragraph 36, Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 6 to 15 above.

### Answer No. 36

Defendant restates its answers to paragraphs 6 through 15 as though fully set forth herein.

### Complaint No. 37

On August 30, 2007, Plaintiff made a complaint to his Manager Seth Gransky about harassment based on age by Kalyana Krishnan.

**Answer No. 37**

Defendant denies the allegations in paragraph 37 of the Complaint.

**Complaint No. 38**

As Paragraph 38, Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 17 to 25 above.

**Answer No. 38**

Defendant restates its answers to paragraphs 17 through 25 as though fully set forth herein.

**Complaint No. 39**

Defendant knowingly, willfully and exhibiting reckless indifference, terminated Plaintiff's employment for complaining about Age harassment in violation of ADEA.

**Answer No. 39**

Defendant denies the allegations in paragraph 39 of the Complaint.

**Complaint No. 40**

As Paragraph 40, Plaintiff hereby incorporates by reference as if fully set forth herein paragraphs 27 to 29 above.

**Answer No. 40**

Defendant restates its answers to paragraphs 27 through 29 as though fully set forth herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claim under the ADEA is untimely in that it was filed within less than 60 days after he filed a charge with the EEOC. 29 U.S.C. § 626(d).

2. To the extent that Plaintiff seeks to recover under the ADEA or Title VII for any act of alleged discrimination or retaliation that occurred more than 300 days before he filed a

charge of discrimination with the EEOC challenging that act, his claims as to that act of alleged discrimination or retaliation are untimely. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1).

3. To the extent that Plaintiff seeks to recover under the ADEA or Title VII for any alleged act of discrimination or retaliation outside the scope of the charge of discrimination that he filed with the EEOC, his claims as to that act of alleged discrimination or retaliation are barred.

4. Plaintiff cannot recover compensatory or punitive damages under the ADEA.

5. Plaintiff's termination was not unlawful under the ADEA because the decision to discharge Plaintiff was based on reasonable factors other than his age. 29 U.S.C. § 623 (f)(1).

6. To the extent that Plaintiff has failed to exercise reasonable diligence in securing and maintaining comparable employment, he has failed to mitigate his damages.

7. Defendant reserves the right to add additional affirmative defenses upon completion of discovery.

WHEREFORE, Defendant prays that the Court dismiss the Complaint with prejudice, that it enter judgment in favor of Defendant, and that it award Defendant its costs, attorneys' fees, and such further relief as the Court deems just and proper.

Dated: February 12, 2008

                              Respectfully submitted,

                              By: /s/Kyle A. Petersen
                                  One of Defendant's Attorneys

Sheldon T. Zenner
Kyle A. Petersen
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60606-3693
(312) 902-5200

*Attorneys for Defendant UBS AG*

**CERTIFICATE OF SERVICE**

I herby certify that on February 12, 2008 I electronically filed the foregoing Defendant's Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Medapati Reddy
>8439 W. Catherine Ave, #417
>Chicago, IL 60656

>　　　　　　　　　　　　s/Kyle A. Petersen
>　　　　　　　　　　　　One of Defendant's Attorneys

Sheldon T. Zenner
Kyle A. Petersen
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Sheldon.zenner@kattenlaw.com
Kyle.petersen@kattenlaw.com
(312)902-5200

*Attorneys for Defendant*

60623314v2