FILED
4-29-2008
APR 2 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MEDAPATI REDDY | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 CV 321 |
| | ) | |
| V. | ) | Judge James Holderman |
| | ) | |
| UBS AG | ) | Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION SEEKING PERMISSION TO PROCEED WITH DISCOVERY

Plaintiff Medapati Reddy, Pro Se, seeks permission to proceed with the Discovery. In support of his motion, Plaintiff states as below.

1) The Plaintiff is a former employee of Defendant UBS AG. On January 15, 2008, Plaintiff filed a two count complaint against Defendant alleging retaliatory discrimination under Title VII and ADEA.

2) On February 12, 2008, Defendant answered the Complaint.

3) In the interest of quickly proceeding with the case, on February 19, 2008, Plaintiff served on Defendant his first set of interrogatories and first request for production of documents (Exhibits A & B). But so far Defendant did not answer Plaintiff's discovery requests.

4) Plaintiff is seeking permission to proceed with discovery in the instant action.

Wherefore Plaintiff prays for an order permitting Plaintiff to proceed with discovery and order defendant to comply with discovery requests.

Respectfully Submitted,

**DATE: April 29, 2008**

(MEDAPATI REDDY)
PLAINTIFF PRO SE

Medapati Reddy
8439 W Catherine Ave, Apt. 417
Chicago, IL 60656
Telephone: 773-695-9072

*EXHIBIT A*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MEDAPATI REDDY** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action  No. 08 CV 321** |
| ) | |
| **V.** ) | **Judge Holderman** |
| **UBS AG** ) | |
| ) | **Magistrate Judge  Cox** |
| **Defendant** ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UBS AG

Plaintiff, Medapati Reddy ("Reddy"), pro se hereby serves his first Request for production of documents upon, Defendant UBS AG (the "Company"). Production may please be made by delivery to Plaintiff, Medapati Reddy, 8439 W. Catherine Ave, Apt. 417, Chicago, IL 60656 within thirty (30) days from the date of service.  Plaintiff incorporate the definitions and instructions from Plaintiff's first set of Interrogatories. These requests for production of documents are continuing in nature and Defendant shall regularly supplement its responses

## REQUESTS

1) Any and all documents that relate to Plaintiff's termination, describing the reasons for Plaintiff's termination, recommendation of Plaintiff's termination or approval of Plaintiff's termination.

2) The Updated Organization chart describing the reporting structure for the Department IT FIRC TRADE MANAGEMENT where Plaintiff worked.

Page 1

3) Any and All documents, written communications, notes and memos relating to Plaintiff's complaints or allegations or charges during the period of Plaintiff's employment with defendant.

4) Job description of the position held by Plaintiff with the Defendant.

5) Any and all disciplinary notices or performance improvement notices or performance deficiency notices or other related communications, issued to Plaintiff during his employment with Defendant.

6) All Employee Handbooks or discrimination or harassment or retaliation policies of defendant during the period of Plaintiff's employment with Defendant including communications to employees or acknowledgements about such policies and programs.

7) All documents electronic or otherwise, if any, reflecting investigation or inquiry conducted by Defendant or any of its agents in connection with Plaintiff's allegations or complaints.

8) Seth Gransky's entire personnel file, including but not limited to his resume, application for employment, all performance evaluations, warnings, writeups, internal investigations and records of wages and yearly incentive award payments.

9) All documents if any that relate to internal or external complaints of discrimination or harassment made by Seth Gransky during the entire period of Seth Gransky's employment with defendant.

10) The job description of the position or positions held by Seth Gransky since the beginning of his employment with the Defendant.

Page 2

11) All performance evaluations of Seth Gransky since the beginning of his employment with the defendant.

12) TimeTracker Records of Plaintiff, Seth Gransky and  Jeff Sargent for 2007.

13) All documents electronic or otherwise which reflect, refer to, or relate to each and every defence which Defendant has to the Complaint in the instant action.

14) All documents electronic or otherwise which relate to or supports each affirmative defence which Defendant has to the Complaint in the instant action.

15) Produce copies of all correspondence, electronic or otherwise, between or among any members of  Defendant's Management discussing Plaintiff during the period from 2005 to 2007.

16) All documents referred to in Defendant's responses to any of the interrogatories propounded by Plaintiff.

17) All documents or exhibits which defendants will offer at the trial of the case.

18) All documents that relate to discrimination or harassment or retaliation lawsuits, charges or complaints including internal complaints or grievances by any employee who worked for Defendant from 2002 to present.

19) Defendant's audited and unaudited financial statements and tax returns for the years 2004, 2005, 2006 and 2007.

20) All Documents pertaining to the training provided to Plaintiff, Seth Gransky, Jeffery Sargent and Sarah Leichtman on Defendant's Discrimination, Harassment, Sexual Harassment and Retaliation policies.

21) A layout Plan of the 26 th Floor of 1 N. Wacker Drive whrere Plaintiff worked during his employment with Defendant.

22) All documents that relate to Plaintiff's 2007 PMM (Performance Management and Measurement).

23) Plaintiff's personal leave application Dated November 5, 2007.

24) All documents that describes the working relationship of UBS with the consulting firm where Kalyana Krishnan was employed and performing consulting services in Chicago office of UBS.

25) A list of all documents which are being withheld from production by virtue of any privilege of non production or for any other reason. This list should identify each document by its name, date or author and receipient and specify the reason for withholding it from production.

26) Any and all documents and communications regarding UBS AG'S Business Restructuring in 2007.

Respectfully Submitted

DT: Feb 19, 2008

(MEDAPATI REDDY)
PLAINTIFF PRO SE

ADDRESS:
MEDAPATI REDDY
8439 W Catherine Ave, # 417
Chicago,
IL 60656
773-695-9072
reddymeda@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that the undersigned

served a copy of the attached **Plaintiff's first request for production  of documents to**

**defendant UBS AG,** a true and accurate copy there of, upon the proper party by causing

a copy to be sent via U.S Priority Mail by handing over the same to U.S. Postal Service

Harwood Heights, 7101 W Gunnison St, Chicago, IL 60706 with proper postage paid in

an envelope properly addressed to the following:

       Sheldon T Zenner
       Kyle A. Petersen
       Katten Muchin Rosenman LLP
       525 W Monroe Street
       Chicago, IL 60661-3693

on 19 th day of February, 2008.

                               MEDAPATI REDDY
                               PLAINTIFF PRO SE

*EXHIBIT B*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **MEDAPATI REDDY** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 08 CV 321** |
| | ) | |
| **V.** | ) | **Judge Holderman** |
| **UBS AG** | ) | |
| | ) | **Magistrate Judge Cox** |
| **Defendant** | ) | |

## FIRST SET OF INTERROGATORIES
## TO DEFENDANT UBS AG

Plaintiff, Medapati Reddy ("Reddy"), pro se requests that within thirty (30) days from service here of, Defendant UBS AG (the "Company") answer the following interrogatories separately and in writing. The instructions and definitions to be utilized in complying with this and any other discovery request are:

## DEFINITIONS AND INSTRUCTIONS

A.          This discovery is addressed to Defendant UBS AG its agents and attorneys. If the requested information or documents are known by Defendants to exist but are not in the possession of Defendant, its agents, or its attorneys, it is requested that Defendant so indicate or produce information or documents that identify the person who has custody of such documents.

B.          "Person" shall mean and include a natural person, individual, parternship, firm, Corporation or any kind of business or legal entity, its agents or employees.

C.          The term "document" is used herein with its customary broad meaning and thus includes, by way of illustration only and not by way of limitation, the following,

Page 1

whether printed or reproduced by any process, including electronically, by computer,
tape records, or written, and/or produced by hand, and whether or not claimed to be
privileged or otherwise excludable from discovery, namely: computer drives; computer
discs; CD-ROM; CD-RW;  computer tapes; audio tapes; notes; electronic mail;analyses;
computer data, files, records and printouts; correspondence; communications of any
nature; telegrams; letters; memoranda; notebooks of any character; summaries or records
of personal conversations; calendars; date books; diaries; routing slips or memoranda;
reports; publications; photographs; minutes or records of tapes of meetings; transcripts of
oral testimony or statements; reports and/or summaries of interviews; reports and/or
summaries of investigations, agreements and contracts, including all modifications and/or
revisions thereof; reports and/or summaries of negotiations; court papers; brochures;
pamphlets; drafts of, revisions of drafts of, translations of any document; tape recordings;
CD-ROM; CD-RW; computer drives, computer discs, records, and dictation belts. Any
document with any marks or any sheet or side thereof; including by way of illustration
only and not by way of limitation, initials, stamped indica, any component or any
notation of any character and not a part of the original document, or any production
thereof; is to be considered a separate document for purpose of this request.

D.        As used herein, "relate to", or "evidence" means, refers to, reflects upon, or
is any way logically or factually connected with the matters discussed.

E.        If any documents responsive to any request have been lost, mutilated or
destroyed, or for some other reason are not in your possession, so state and identify each
such document, and state to which request(s) the document(s) would have been
responsive.

Page 2

F.      If there are no documents in your possession, custody or control, which are responsive to a particular request, so state and identify such request.

G.      When referring to a document, "identify" or "specify" means that you shall set forth the general nature of the document, the author of the originator, each addressee, all individuals designated on the document to receive a copy or otherwise hereto have received a copy, date, title and general subject matter, the present custodian of each copy thereof and last known address of each custodian.

H.      When referring to a person or persons, "identify" or "specify" means to state the full name, employer, job title, whether the person is or was an hourly paid worker of the Company, social security number, present or last known address, present or last known telephone number, present or last known e-mail address, date of hire or date of termination, and present or last known job classification or position.

I.      "You" or "Your" shall refer to Defendant, its counsel, and any consultants, Experts, investigators or agents or other persons acting on its behalf.

J.      All requests herein are continuing in nature.

K.      If any information or document falling within any description contained in any of the following requests is sought by Defendant to be withheld under any asserted Objection including but not limited to any privilege or objection that the request is overboard or unduly burdensome, Defendant shall partially respond or partially produce such responsive documents to any extent that such response or production is not objectionable, and shall serve upon the undersigned Plaintiff pro se a written list of the withheld documents including the following information as to each such item:

Page 3

(1) its date; (2) the name(s) of the person(s) or other entity(ies) to whom the item or any copy of reproduction thereof was ever directed, addressed , sent, delivered, mailed, given or in any other manner disclosed; and (3) a statement of the ground or grounds on which the response or production of such documents is considered objectionable.

L.    If any information called for is withheld on the basis of a claim of privilege, set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

## INTERROGATORIES

1) Identify each person by name and job title who terminated, recommended the termination of or approved the termination of Plaintiff. For each person identified in response to this interrogatory, state the rationale the person used for such action and identify the dates, any facts, documents or other information upon which that person relied in taking such action.

2) Identify defendant's employees by name and job title in IT FIRC Trade Management Group where Plaintiff worked at the time of Plaintiff's termination and also identify the employees who were terminated along with Plaintiff.

3) Describe in detail if any, of each warning or notice or other communication given to Plaintiff, which relates to the violation of Defendant's rules or Policies or unsatisfactory work performance, and identify the dates and person who issued any such warning, notice or other communication .

4) Identify any other employee of the Defendant by name and job title apart from Plaintiff who was supervised by Seth Gransky during the period from March, 2005 to November, 2007.

5) Identify any other employee of the Defendant who worked in the position of Software Configuration Administrator in IT FIRC TRADE MANAGEMENT group in Chicago during the period from March, 2005 to November, 2007.

6) Identify the person/persons, by name and title who performed branching, merging, labeling and SCA builds for different applications after termination of Plaintiff's employment on November 13, 2007 in IT FIRC TRADE MANAGEMENT group in Chicago, where Plaintiff worked.

7) Identify each employee of Defendant with name and job title who complained of discrimination or retaliation or harassment internal or external at any time from 2002 to present.

8) Identify person/persons with job title who took decisions on Plaintiff's annual salary rises and annual discretionary incentive compensation award sanctions. Also identify the person/persons who provided input for these decisions.

9) Did Seth Gransky while employed by Defendant complained of or filed charges of discrimination or retaliation or harassment (internal or external). If there are any complaints describe the steps taken by Defendant on those.

10) Describe each step taken by Defendant, in response to Plaintiff's allegations or complaints. For each step described, identify each person that was involved and nature and dates of their involvement

11) Provide the names and job title of each individual having input in to the answers to these interrogatories. For each individual, identify the interrogatory on to which he or she had input.

Page 5

12) Do you expect to call any witnesses at trial? If so, identify all actual and potential

witnesses (by full name, address and telephone number); and with respect to each

witness, describe the facts and opinions to which he or she is expected to testify, and a

summary of the grounds and identify the documents upon which such facts or opinions

are based.

13) Identify each person who Defendant may or will call as an expert witness at the trial

of this case, and with respect to such person, describe the subject of his or her testimony

14) State how many employees defendant employed in each calender week from January

2005 to the present.

15) Describe the role and duties of Kalyana Krishnan in UBS in its Chicago Office

including the date from which Kalyana Krishnan provided consulting services to UBS.


DATE: 2/19 /2008

(MEDAPATI REDDY)
PLAINTIFF PRO SE


ADDRESS:
MEDAPATI REDDY
8439 W Catherine Ave, Apt. 417
Chicago, IL 60656
773-695-9072
Email: reddymeda@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that the undersigned

served a copy of the attached **Plaintiff's first set of interrogatories to defendant UBS**

**AG**, a true and accurate copy there of, upon the proper party by causing a copy to be sent

via U.S Priority Mail by handing over the same to U.S. Postal Service Harwood

Heights, 7101 W. Gunnison St, Chicago, IL 60706 with proper postage paid in an

envelope properly addressed to the following:

> Sheldon T Zenner
> Kyle A. Petersen
> Katten Muchin Rosenman LLP
> 525 W Monroe Street
> Chicago, IL 60661-3693

on 19 th day of February, 2008.

MEDAPATI REDDY
PLAINTIFF PRO SE