*AC*

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MEDAPATI REDDY | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 CV 321 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| UBS AG | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## PROTECTIVE ORDER

Upon agreed motion and stipulation of the parties for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), the Court being fully advised and upon good cause shown, it appears that certain information, documents and things of the Defendant subject to pleading, discovery or disclosure in this action may contain commercial, financial, business and/or personnel information that the parties believe to be of a non-public, confidential and sensitive nature, including but not limited to non-public, technical, marketing, strategic, planning, financial, trade secret, and personnel documents which may reveal employee performance, salary, benefits, residential and/or other information of a personal nature; Defendant's business operations, technology and finances and internal documents regarding Defendant's employees and contractors.

Such information, documents or things described above are hereinafter collectively referred to as "Confidential Information." For purposes of this Protective Order, the word "documents," as used herein, shall include, but shall not be limited to, "documents" as defined by Federal Rule of Civil Procedure 34(a).

NOW THEREFORE, in the interest of expediting discovery and trial of this action and permitting the same to proceed without delay, the parties are to provide access to and accept such Confidential Information subject to the protective provisions set forth below.

1.    This Protective Order shall apply to documents and things which any party deems, in good faith, are or contain Confidential Information.

a.    Such identification or marking shall be made by a Producing Party when the Confidential Information is served upon or provided to the other party.

b.    In lieu of marking the original of a document which contains Confidential Information prior to inspection, the Producing Party or its counsel may orally designate such documents being produced for inspection as Confidential Information thereby making them subject to this Protective Order. Making documents available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection shall be treated as if designated as "Confidential" pursuant to this Protective Order at the time of inspection. However, all copies of such documents must be marked "Confidential" by the Producing Party at the time they are supplied to the inspecting party or its counsel to make such copies subject to this Protective Order.

c.    In the event such marking is inadvertently omitted from a copy of a produced document, the Producing Party may notify the inspecting party or its counsel in writing to mark such documents as "Confidential."

d.    Where a non-party discloses documents that are deemed by a party (the "Designating Party") to be or contain Confidential Information, the Designating Party, within thirty (30) days after learning that the non-party has produced Confidential Information, may

2

notify the inspecting party or its counsel in writing, to mark such documents as "Confidential (by [Designating Party])."

      e.    Upon receiving either of the notifications provided for in this paragraph, the receiving party and its counsel shall take all reasonable steps to retrieve all copies of the documents that had not been marked with the appropriate confidential legend and to mark said documents in accordance with the instructions of the Producing Party or the Designating Party, as the case may be.

      f.    Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked "Confidential."

      3.    In the event that any question is asked at a deposition which a party or non-party asserts calls for the disclosure of Confidential Information, such question shall nonetheless be answered by the witness fully and completely, to the extent allowed by law. Counsel for the party making the confidential designation shall, either at the deposition or within ten (10) days after receipt of the transcript thereof, notify all counsel on the record or in writing that the information provided in such answer contains Confidential Information subject to this Protective Order. The Designating Party or its counsel shall specify the testimony being designated confidential by page and line number, at which point, said testimony shall be subject to this Protective Order. Until the expiration of such ten (10) day period, the entire text of the deposition, including all testimony therein shall be treated as Confidential Information subject to this Protective Order. After page and line designations of Confidential Information have been made, the receiving party may redact the portions of the deposition so designated and use a redacted version of the deposition as if it were not designated Confidential Information.

4.      Notwithstanding any other provision of this Protective Order, a party may designate as Confidential Information any testimony of or documents produced by the agents, employees, contractors, financial, technical or business consultants, or former employees of that party or of a non-party.  Any testimony or documents claimed as confidential pursuant to this paragraph shall be treated as such under the terms of this Protective Order, including, but not limited to, the provisions for marking the document with the confidential legend and for challenging any claim of confidentiality.

5.      Any summary, notes or copy containing designated Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which the summary or copy was made.

6.      Unless and until this Court rules otherwise, access to documents and materials identified as "Confidential" shall be limited solely to:

a.      attorneys and secretarial, paralegal, and staff personnel of outside attorneys of record in this action, namely the firm of Katten Muchin Rosenman LLP and any counsel subsequently retained by Plaintiff, and any successors, substitutes or additional co-counsel of record thereto;

b.      in-house counsel and employees of Defendant;

c.      Plaintiff;

d.      independent expert(s) or consultant(s) (not a regular employee or agent of the party employing the expert or consultant) to the extent necessary to prepare for this litigation, provided that before any such disclosure is made, said independent expert(s) or consultant(s) executes an Acknowledgment of this Protective Order in the form attached

4

hereto, a copy of which, for an identified testifying expert only, shall then be filed and transmitted to counsel for each of the other parties;

     e.     the Court, pursuant to the provisions of paragraph 8 below; and

     f.     court reporters in the course of a deposition or court proceeding, provided that before any such disclosure is made, the court report executes an Acknowledgment of this Protective Order in the form attached hereto, a copy of which shall be provided to Plaintiff and Defendant's counsel.

7.     Notwithstanding the provisions of paragraph 6, any person (including employees of Defendant) expected to testify at a scheduled deposition or designated as a trial or hearing witness may be shown Confidential Information designated "Confidential" to the extent that the Confidential Information relates to his/her proposed testimony. Before any such disclosure is made, the person to whom the disclosure is to be made must execute an Acknowledgment of this Protective Order in the form attached hereto, a copy of which shall be provided to Plaintiff and Defendant's counsel.

8.     Documents, pleadings, motions, or briefs containing Confidential Information shall not be filed with the Clerk of the Court but shall be submitted to Chambers *in camera* in a sealed envelope bearing the case caption, case number, the title of the motion or response to which the submitted Confidential Information pertains, and the name and telephone number of the counsel or party submitting the documents. The Producing Party shall maintain the original documents in tact for any further review. A redacted copy of the pleading shall be filed with the Clerk of the Court for the record.

9.     When any testimony in this action is taken, whether in a deposition or before the Court, or when any item of information, document, or thing marked or identified as Confidential

Information in accordance with paragraphs 2, 3, or 4 hereof is presented, disclosed or marked for identification, Plaintiff or counsel for any party may, before or during said testimony, give notice to counsel for all other parties that Confidential Information may be disclosed during said testimony and such counsel may request that the Court permit the testimony to go forward with only the court reporter recording the testimony, the jury, the Court, and those categories of persons permitted by paragraph 6 in attendance.  Any Confidential Information used pursuant to this paragraph shall not lose the protections of this Protective Order because of such use.  The stenotype tape or other means of recording the proceeding with respect to which the notice provided for in the paragraph is given or in which any Confidential Information marked or identified in accordance with this Protective Order is disclosed, presented, or marked for identification shall itself be deemed to be Confidential Information subject to this Protective Order.  The transcript or copies thereof of any such testimony shall be provided only to those categories of persons permitted by paragraph 6 hereof, the court reporter (if necessary), the jury, the Court, and necessary personnel.

10.     Any transcripts, exhibits, or other documents, information, or things identified in accordance with paragraphs 2, 3, or 4 may be copied by the receiving party or its counsel, but are to be returned (the original and all copies) to counsel for the Producing Party within thirty (30) days after the termination of this litigation (including any appeal); and any extracts, descriptions, or summaries thereof shall be destroyed after termination of the litigation.  Without limiting the generality of the foregoing, the obligation to destroy such documents shall include the obligation to erase all images, compilations, copies, summaries, or abstracts of them from computer storage except for materials constituting attorney work-product.  Upon written request of Defendant's counsel, Plaintiff shall sign a certification stating that he has fully complied with this paragraph.

11.    Confidential Information identified in accordance with paragraphs 2, 3, or 4 hereof may only be used: (a) in connection with motions filed in this action; (b) during testimony in this action, both during trial and during discovery; (c) as evidence at the trial of this action subject to the rules of evidence, this Protective Order, and any further order of this Court; (d) to prepare for discovery or trial of this action; and (e) in connection with any appeal of this action to a court of competent jurisdiction.  Confidential Information may not be used for any other purpose.

12.    In the event that the Producing or Designating Party determines that any Confidential Information should no longer be subject to this Protective Order, it shall notify each party that its designation thereof as confidential is withdrawn and shall provide each party with a copy of the document with the confidential designation removed.  From and after the receipt by a party of such a copy, such information and all actions taken with respect to such information shall no longer be subject to this Protective Order.

13.    In the event that a party shall desire to provide access to Confidential Information identified as such to any person or categories of person not included in paragraph 6 hereof, it may move this Court for an order that such persons or categories of persons be given access to the Confidential Information.  In the resolution of such motion, the burden of establishing that those persons or categories of persons should have access to the Confidential Information shall be on the moving party.  In the event that the motion is granted, such persons or categories of person may have access to the Confidential Information provided that such person(s) have executed the Acknowledgment of this Protective Order in the form attached hereto prior to access to the Confidential Information being given to such person(s).  A copy of the executed

7

Acknowledgment shall then be transmitted to each of the other parties through counsel, if applicable.

14.    With respect to any particular item of Confidential Information, the restriction on dissemination, access, disclosure, and use of such item(s), or of information contained therein shall not apply to the Producing or Designating Party or such party's attorneys.

15.    Acceptance by a receiving party of information, documents, or things marked as Confidential Information shall not: (a) constitute a concession that such information, documents, or things in fact are, or include, Confidential Information; or (b) constitute an agreement or admission with respect to the competency, relevancy, or materiality of any such information, document, or thing.

16.    Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17.    A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such confidential designation.   In the event any party to this litigation disagrees with a confidential designation, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting the information, document, or thing that is or contains Confidential Information shall have the burden of proving the propriety of its designation.

18.    Inadvertent production of any document subject to the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of the privilege or immunity, provided that the Producing Party promptly

notifies the receiving party in writing of such inadvertent production after the Producing Party discovers such inadvertent production. If prompt notification is made and the Producing Party establishes the circumstances surrounding the document's inadvertent production and the grounds for an applicable privilege or immunity, such inadvertently produced document and all copies thereof shall be returned to the Producing Party or destroyed, upon request, within seven (7) days of the receiving party's receipt of the written request to return or destroy. The receiving party shall not make any use of such document during deposition, hearing or trial, nor shall the receiving party show the document to anyone who was not already given access to it prior to the Producing Party's request to return or destroy. If, after conferring, the parties cannot agree as to whether a document should be protected from disclosure by a privilege or immunity, the Producing Party shall have ten (10) business days to file a motion with the Court seeking the return or destruction of the produced document. While such a motion is pending, the receiving party shall not make any use of such document during deposition, hearing or trial, and such document shall not be shown by the receiving party to anyone who was not already given access to such document prior to the Producing Party's request to return or destroy.

19.    Nothing in this Protective Order shall prevent any party from applying to the Court for further or additional protection for any document or information the characteristics of which are such that the protections afforded by this Protective Order may be insufficient and/or inadequate to ensure the confidentiality of such document or information or to prevent injury to the Producing Party.

20.    Nothing in this Protective Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

9

21.    This Protective Order shall survive the termination of the above-captioned action and shall continue in full force and effect, without limitation in time, subject to further order of this Court. The parties, or any interested member of the public, shall have the right to move this Court to modify, supplement, or dissolve this Protective Order.

22.    If this Agreed Protective Order is violated, the aggrieved party shall be entitled to take legal action to recover any and all damages, both direct and consequential, that the violation has caused. Damages shall be recoverable from any person or entity found by a court of competent jurisdiction to have violated this Agreed Protective Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that this Agreed Protective Order, having been approved and agreed to by the parties, is granted and shall govern throughout the course of this litigation.

SIGNED this 20th day of June , 2008.

JUDGE ASHMAN

10

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MEDAPATI REDDY | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 CV 321 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| UBS AG | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned has read and understands the Protective Order issued in the above captioned proceedings, a copy of which is attached hereto, and the undersigned hereby acknowledges and agrees to abide by the restrictions and requirements of said Protective Order, and submits to the jurisdiction of said Court solely for the purpose of enforcement.

Dated:                                    Signature:

                                          Name:

                                          Address: